Thomas P. CONNORS, Appellant,

v.

Joyce A. CONNORS, Jean Wilson, and John Wilson, Appellees.

No. 2–89–238–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 8, 1990.

Rehearing Denied Oct. 9, 1990.

Jack L. Beezley and Leeona V. Stone, Beezley and Stone, Dallas, for appellant.

Mary S. Black, Dallas, for appellee Joyce Connors.

Mary D. McKnight, Dallas, for appellees John and Jean Wilson.

Before FARRIS, DAY and CLYDE R. ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

CLYDE R. ASHWORTH, Justice (Retired).

This is an appeal from a divorce judgment after a jury trial which awarded joint managing conservatorship of two children to the mother and her parents. Appellees filed a cross-point complaining of the reduction of attorney's fees from the amount found by the jury.

We affirm the award of joint managing conservatorship and sustain the cross-point as to attorney's fees.

Thomas P. Connors, appellant, and Joyce A. Wilson Connors, one of the appellees,

were married in 1976. A son was born in 1981 and a daughter was born in 1985. About five months after the daughter's birth, Joyce suffered a stroke. She required institutional care for about two years and returned to her home in October, 1987. She suffered then, and continues to suffer severe disabilities, but with difficulty can care for her personal needs. In February, 1988, appellant filed for divorce. Preliminary hearings were held—appellee remained in the house, appellant was ordered to pay child support, and the parties had equal possession of the children—first three weeks each, then one week each.

In May, 1988, appellees John and Jean Wilson, parents of appellee Joyce Connors, filed a petition in intervention seeking to be appointed sole managing conservators of the children. The Wilsons filed an amended petition in intervention in October, 1988. This pleading sought joint conservatorship with the parents of the children; alternatively, the Wilsons sought managing conservatorship.

The case was tried to a jury which found that appellees, Joyce A. Connors and John and Jean Wilson, jointly should be appointed managing conservators of the children; further, that $30,750 was a reasonable attorney's fee for Joyce Connor's attorney.

Appellant presents three points of error. The first point contends the trial court erred in overruling appellant's first amended motion for new trial. Such motion urged error in the trial court's submission of the following question:

From a preponderance of the evidence, and considering only the best interest of the children, who should be appointed as managing conservator?

Answer by naming the parties or party to whom the managing conservatorship of the children should be granted.

A. Joyce A. Connors and John and Jean Wilson jointly.

B. Thomas P. Connors

Answer: ——————————

Such motion further urged error in submitting an instruction accompanying such question which generally stated that qualifications of the parties without regard to sex should be considered, that the rights of the parents are equal, and that a parent should be appointed as managing conservator unless it is shown by a preponderance of the evidence that it is in the best interest of the children that a third person be appointed instead of a natural parent.

The motion in question states that appellant objected to the instruction and question, but that the trial court sought submission by consent.

We have searched the record in this case and can find no objection by appellant to the court's charge. We do find the following at that point in the record which concerns objections to the charge:

THE COURT: Okay. The charge has been prepared. I will hear from the Petitioner as to whether or not there's any objections to the Court's charge.

MS. McCULLOCK: Your Honor, we have no objection to the Court's charge.

■ We fail to understand appellant's assertion that his attorney objected to the Court's charge in face of the record quoted above. In any event, TEX.R.CIV.P. 272 provides in part:

The charge shall be in writing, signed by the court, and filed with the clerk, and shall be a part of the record of the cause. It shall be submitted to the respective parties or their attorneys for their inspection, and a reasonable time given them in which to examine and present objections thereto outside the presence of the jury, which objections shall in every instance be presented to the court in writing, or be dictated to the court reporter in the presence of the court and opposing counsel, before the charge is read to the jury. All objections not so presented shall be considered as waived.

Just as stated in the rule, objections not so stated are waived. *Morgan v. Letellier*, 677 S.W.2d 165, 167 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Ormsby v. Travelers Indem. Co. of Rhode Island*, 601 S.W.2d 779, 780 (Tex.Civ.App.—Waco 1980, no writ); *Dodson v. McCoy*, 601 S.W.2d 128, 130 (Tex.Civ.App.—Houston

[1st Dist.] 1980, no writ); *Barnhouse Motors, Inc. v. Godfrey,* 577 S.W.2d 378, 381 (Tex.Civ.App.—El Paso 1979, no writ).

Appellant's first amended motion for new trial further contends trial court error in failing to submit and adopt petitioner's requested special issue and instructions. The motion then sets out an instruction which states one parent should be appointed sole managing conservator, or both parents appointed joint managing conservators unless such appointment would not be in the best interest of the child because such appointment would significantly impair the child's physical health or emotional development. This instruction is followed by a question asking for the naming of one or both persons as sole or joint managing conservators. Appellant also complains, in such motion, of the trial court's failure to include an instruction that the jury was required to disqualify both parents as possible sole managing conservators before it could consider any non-parent as managing conservator.

■ We have again searched the record in an attempt to find the requested special issue and instruction. TEX.R.CIV.P. 273 provides:

> Either party may present to the court and request written questions, definitions, and instructions to be given to the jury; and the court may give them or a part thereof, or may refuse to give them, as may be proper. Such requests shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination. A request by either party for any questions, definitions, or instructions shall be made separate and apart from such party's objections to the court's charge.

Just as in the case of objections to the charge, failure to present requested questions and instructions constitutes a waiver of the right to do so. *Wristen v. Kosel,* 742 S.W.2d 868, 870 (Tex.App.—Eastland 1987, writ denied); *Breithaupt v. Navarro County,* 675 S.W.2d 335, 339 (Tex.App.—

Waco 1984, writ ref'd n.r.e.). Since there are no requested questions or instructions in the record, appellant's complaint of the trial court's failure to include the same in the court's charge is without merit.

Appellant's motion further alleges that the verdict of the jury is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. This allegation is the same as appellant's third point of error which contends the jury verdict is contrary to the great weight and preponderance of the evidence.

■ In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

■ We note, initially, that appellant's brief devotes approximately one page for argument in support of the third point of error; we are not given the benefit of any authorities in support of the contention, and are directed to approximately twenty lines of testimony in the record containing testimony of appellant, Thomas P. Connors, concerning his views of the effects on the children if appellees were appointed managing conservators.

We find appellant's brief, with regard to the third point of error, is woefully insufficient of the requirements of TEX.R.APP.P. 74 which requires the argument in support of a point of error to include a fair statement of the facts pertinent to the point

with reference to pages in the record where such facts may be found and discussion of the facts and authorities relied upon.

Even though the third point of error is not properly briefed, in the interest of justice, we consider the same. As noted earlier, the record in this case consists of approximately fourteen hundred pages of testimony. Testimony was given which supported appellant's contention that he should be appointed sole managing conservator. Testimony was given that supported appellees Joyce Connors and the Wilsons, in their claim for joint managing conservatorship.

We find it unnecessary to detail or summarize, in this opinion, the precise testimony in the record. Suffice it to say, we find evidence, and sufficient evidence, in the record to support the finding of the jury awarding joint managing conservatorship to appellees. Further, such jury finding was not so contrary to the greater weight and degree of credible testimony in this case as to be manifestly unfair and unjust.

We have considered all contentions in appellant's first amended motion for new trial except one. We now direct our attention to what we consider the key issue in this appeal. Is the trial court empowered under the law to award joint managing conservatorship to a parent and grandparents?

TEX.FAM.CODE ANN. secs. 14.01, 14.02, and 14.021, as they existed at times pertinent to this appeal, must be considered. Section 14.01 provides for court appointment of managing conservators, section 14.02 provides for right, privileges, duties and powers of managing conservators, and section 14.021 provides for appointment of joint managing conservators.

█ We find there is no question that the trial court has the power to appoint one parent as sole managing conservator or can appoint both parents as joint managing conservators. We look to the sections cited for a possible answer to the question presented.

█ We also are mindful of certain principles which must be observed in construing these sections. Unless a statute is ambiguous, we must follow the clear language of the statute. *Republicbank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985). It is presumed in construing statutes that several acts or provisions relating to the same subject were intended to be consistent and to operate in harmony. *Credit Exchange of Dallas, Inc. v. Bell,* 427 S.W.2d 674, 676 (Tex.Civ.App.—Dallas 1968, no writ). The legislature is presumed to have used words in a statute in the sense in which they are ordinarily understood. *Calvert v. Austin Laundry and Dry Cleaning Co.,* 365 S.W.2d 232, 235 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.).

Act of June 20, 1987, ch. 744, § 4, 1987 Tex.Gen.Laws 2666, 2667 (then § 14.01) provides in part:

> A *managing conservator must be a suitable, competent adult, or a parent,* or an authorized agency. If the court finds that the parents are or will be separated, *the court shall appoint at least one joint or sole managing conservator.* [Emphasis added.]

Act of June 20, 1987, ch. 744, § 5, 1987 Tex.Gen.Laws 2666, 2667 (then § 14.02(b)) provides in part:

> (b) *A managing conservator who is not the parent* of the child has the following rights.... subject to any rights, privileges, duties and powers of any other managing conservator as provided in the decree ... [Emphasis added.]

Act of June 20, 1987, ch. 744, § 6, 1987 Tex.Gen.Laws 2666, 2668 (then § 14.021(b)) provides in part:

> (b) In this section "joint managing conservator" means the sharing of the rights, privileges, duties, and powers of a parent by two parties, *ordinarily the parents,* even if the exclusive power to make certain decisions may be awarded to one party. [Emphasis added.]

We find there are no ambiguities in the sections providing for joint managing conservatorship. Adhering to the principles earlier stated to be followed in construing statutes, we examine the sections noted.

We see that section 14.01 provides that a managing conservator must be a competent adult *or* parent—that if the parents are to be separated, at least one must be appointed *joint* or sole managing conservator. It is clear to us that these provisions alone authorize the appointment of a competent adult, along with a parent, as joint managing conservators.

Section 14.02 provides that a managing conservator who is not the parent has certain rights, subject to the rights of any other managing conservator. These provisions contemplate a non-parent can be appointed a joint managing conservator along with another. Indeed, this provision could be construed to intend that two persons, not parents, can be joint managing conservators.

Section 14.021 provides that in joint managing conservatorship, two parties, ordinarily the parents, share the rights of parenthood. We find the expressed intent of the legislature is that the court has the power and authority to appoint non-parents as joint managing conservators.

It follows that non-parents and a parent may be appointed joint managing conservators. Just as in the case of two parents as joint managing conservators, the court then defines the rights, privileges, duties, and powers of each managing conservator. The trial court then has the right to appoint the other parent possessory conservator and define that parent's rights as such.

■ Appellant argues that section 14.01(b) requires that a finding be made that appointment of one parent would significantly impair the child's physical health or emotional development before that parent can be eliminated as a sole or joint managing conservator. We disagree.

Act of June 19, 1987, ch. 720, § 1, 1987 Tex.Gen.Laws 2595, 2595 (then § 14.01(b)(1) and (2)) in pertinent part states:

(b) A parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development. In determining which parent to appoint as sole managing conservator, the court shall consider:

(1) the qualifications of the respective parents without regard to the sex of the parent; and

(2) evidence of the intentional use of abusive physical force by a parent against his or her spouse or against any person younger than 18 years of age committed within a two-year period preceding the filing of the petition for divorce or annulment or during the pendency of the suit.

The interpretation advanced by appellant would require that in every case the parents must be appointed *joint* managing conservators unless there is a finding that appointment of one or both, would impair the child's physical health or emotional development. Again, we do not agree. Reading the statutes concerning conservatorship in their entirety, we find the provisions of 14.01(b) give guidance to the trial court as to which parent should be appointed sole managing conservator, or whether both parents should be appointed joint managing conservators.

Appellant directs our attention to *Lewelling v. Lewelling*, 774 S.W.2d 801 (Tex.App.—El Paso 1989, writ granted), a case in which the paternal grandparents were appointed managing conservators in preference to the parents. There was a finding that it would not be in the best interest of the child to appoint either parent as managing conservator and that the appointment of either parent would impair the child's physical and emotional development. The opinion in *Lewelling* states that it was the burden of the grandparents to obtain such findings. *Lewelling* is distinguishable from the instant case because here the grandparents were not appointed in preference to the parent—they were appointed jointly with the parent and such findings were not required.

Appellant insists that the word "shall" as used in 14.01(b) is mandatory and that the trial court must appoint either parent as sole managing conservator or both parents as joint managing conservators unless there is a finding that such appointment would significantly impair the child's physical health or emotional development. We resort to the often cited case of *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956) for guidance in our evaluation of the assertion. We quote from the opinion:

There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word "shall" is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory.

*Chisholm*, 287 S.W.2d at 945.

■ Earlier in our opinion we applied these precepts in our discussion of the various sections of the Texas Family Code that are in question. We find that the word "shall" as used in section 14.01(b) is directory and not mandatory and does not preclude the appointment of a parent to serve jointly with a non-parent without the statutory finding, the main thrust of that section being to require the finding only if appointment is to be denied to both parents.

Appellant's first and third points of error are overruled.

Appellant's second point of error complains of the trial court's failure to strike intervenor's first amended petition in invervention for conservatorship.

Appellant argues, in effect, that since the petition in intervention did not contain an allegation that conservatorship in either or both parents would result in significant impairment of the childrens' physical health or emotional development that such pleading was legally insufficient and will not support an award of conservatorship to the grandparents.

In passing, we note that the transcript does not include an order denying the motion to strike, but there is a docket sheet entry noting that the trial court announced a denial of such motion. The main thrust of appellant's second point of error is again directed to failure to allege impairment to the children. We have previously discussed this assertion in treatment of appellant's first and third point. Such allegation was not required of the intervenors. Further, objections to the intervention should have been by special exception. TEX.R. CIV.P. 90 and 91.

Appellant's second point of error is overruled.

Appellees present a cross-point complaining of the action of the trial court in awarding appellee Joyce Connors only $15,000 in attorney's fees despite the jury's finding of $30,750 as a reasonable fee.

■ The attorney for appellee Joyce Connors, testified that she charged $125 per hour and had 230 hours in this case and had expenses of $2,079.85. A total of this testimony is $30,829.85. The record shows about twenty pages were devoted to testimony concerning attorney's fees and the difficulties the attorneys for the parties had in cooperating with each other concerning pretrial matters. It is evident the jury accepted the testimony of the attorney for appellee Joyce Connors.

■ There is nothing in the record to indicate the basis or reason for reducing the amount of attorney's fees by approximately one-half. We realize that the award of attorney's fees in a divorce case is largely in the discretion of the trial court. However, such discretion is not unbridled and the record should reflect some justification for its reduction. Especially is this true in this case in which there was apparently a fairly equal division of com-

munity property. This court should approve a remittitur of attorney's fees only when there is insufficient evidence to support the amount of attorney's fees found by the jury. *Snoke v. Republic Underwriters Ins. Co.,* 770 S.W.2d 777 (Tex. 1989).

Appellees' cross-point is sustained.

The judgment is reformed to provide a $30,750 judgment for attorney's fees in favor of appellee Joyce Connors; otherwise the judgment of the trial court is affirmed.