**Randall HUNT and Lowry Hunt, Appellants,**

v.

**JEFFERSON–PILOT LIFE INSURANCE COMPANY, Appellee.**

**No. 2–94–207–CV.**

Court of Appeals of Texas, Fort Worth.

June 1, 1995.

Rehearing Overruled July 6, 1995.

---

**454**

Carter L. Hampton, Staples & Hampton, Hurst, for appellants.

William L. Latham, David W. Kirkman, George C. Haratsis, McDonald Sanders, Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

This is an appeal from a summary judgment in which appellee, Jefferson–Pilot Life Insurance Company, was the defendant, and appellants Randall Hunt and Lowry Hunt were the plaintiffs. We affirm.

Appellants brought suit against Elizabeth Burks seeking recovery of the proceeds of a life insurance policy issued by appellee on the life of Willis Hunt. Subsequently, appellants filed a separate action against appellee seeking recovery of damages in the amount of the policy previously paid to Burks. The cases were consolidated into this action in the 141st District Court. Appellants apparently reached a settlement with Burks, and all claims between appellants and Burks were dismissed on April 26, 1994.

Appellee then filed a Motion for Summary Judgment against all claims of appellants based on the defense set forth in the Texas Family Code, section 3.632(c).

Summary judgment was granted and it was ordered that appellants take nothing on any of their claims against appellee.

## BACKGROUND

On or about May 15, 1989, appellee issued Policy No. JP–4118276 on the life of the insured owner, Willis L. Hunt. Mr. Hunt listed as beneficiaries "Elizabeth M. Hunt (Burks), wife, if living, otherwise one-half to Lowry W. Hunt, son, and one-half to Randall C. Hunt, son." Willis L. Hunt and Burks were divorced on June 6, 1990, by decree of the 324th District Court, and Burks' name was changed to Margaret Elizabeth Burks. However, the family court did not determine the rights of either spouse in the insurance policy, and the decree did not reference insurance.

Willis L. Hunt died on September 5, 1991. Prior to his death, he made no changes to the beneficiary designation on the policy. On September 16, 1991, Burks submitted a claimant's statement to appellee, making claim to the insurance proceeds under the policy. On October 10, 1991, appellee received Burks' letter of October 5, 1991, mak-

ing demand for payment of the proceeds under the policy.

On or about October 16, 1991, appellee paid the benefits from the policy to Burks, and to assignee, Moore and Sons Funeral Home. At the time payment was made to Burks, appellee had not received written notice from appellants or anyone acting on their behalf, that the beneficiary designation was not effective. According to Burks, appellants were aware of the presence of an insurance policy on the life of Willis Hunt, both prior to his death and immediately after his death on September 5, 1991. No written notice pursuant to Texas Family Code, Section 3.632(c) was given to appellee.

### POINTS OF ERROR

Appellants bring two points of error: (1) the trial court erred in granting summary judgment in that there exist genuine issues of material fact; and (2) the trial court erred in granting summary judgment as a matter of law. We address both points together.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to a judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue to a material fact are resolved against movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Id.*

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins.*

*Co.*, 480 S.W.2d 176, 178 (Tex.1972). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

■ The summary judgment will be affirmed only if the record establishes that the movant has conclusively proven all essential elements of a movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

Section 3.632 of the Texas Family Code, enacted in 1989, states in relevant part:

(b) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:

(1) the decree designates the insured's former spouse as the beneficiary;

(2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or

(3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

(c) If a designation is not effective under Subsection (b) of this section, the proceeds of the policy are payable to the named alternate beneficiary, or, if there is not a named alternative beneficiary, to the estate of the insured. An insurer who pays the proceeds of a life insurance policy issued by the insurer to the beneficiary under a designation that is not effective under Subsection (b) of this section is liable for payment for the proceeds to the person or estate provided by this subsection *only if*:

(1) before payment of the proceeds to the designated beneficiary, the insurer receives *written notice at the home office of the insurer* from an interested person that the designation is not effective under Subsection (b) of this section; and

(2) the insurer has not interpleaded the proceeds into the registry of a court

of competent jurisdiction in accordance with the Texas Rules of Civil Procedure. TEX.FAM.CODE ANN. § 3.632(b), (c) (Vernon 1993) (emphasis added).

The Texas Insurance Code also places limitations on the potential liability of an insurance company who pays the proceeds of a policy to the named beneficiary. Article 3.48 of the Texas Insurance Code discharges an insurance company for paying the proceeds of its policy directly to a named beneficiary:

Whenever any person who shall procure the issuance of a policy of insurance on his or her life in any legal reserve life insurance company, and designate in writing filed with the company the beneficiary to receive the proceeds thereof, the company issuing such policy shall, in the absence of the receipt by it of notice of an adverse claim to the proceeds of the policy from one having a bona fide legal claim to such proceeds or a part thereof, pay such proceeds becoming due on the death of the insured to the person so designated as beneficiary, and such payment so made, in the absence of such notice received by the insurance company prior to the date of the payment of the proceeds, shall discharge the company from all liability under the policy.

*See* TEX.INS.CODE ANN. art. 3.48 (Vernon 1981).

■ The proceeds of an insurance policy become due on the death of the insured to the person designated as beneficiary. The beneficiary of a life insurance policy has an interest in the policy in the nature of an expectancy which matures into a vested right upon the death of the insured. *Francis v. Beaudry,* 733 S.W.2d 331, 337 (Tex.App.—Dallas 1987, writ ref'd. n.r.e.); *McAllen State Bank v. Texas Bank & Trust Co.,* 433 S.W.2d 167, 170 (Tex.1968).

■ In the case before this court, the proceeds of the insurance policy on the life of Willis Hunt became due and payable on September 5, 1991, the date of Hunt's death. Appellee, having no written notice from an *interested person* under section 3.632(c) of the Texas Family Code or from one having a bona fide legal claim under article 3.48 of the

Texas Insurance Code that the beneficiary designation was not effective, paid the benefits from the policy to Burks on October 16, 1991.

Appellants now argue that appellee was notified of the divorce of Willis Hunt on September 16, 1991 and that appellee received a copy of the divorce decree on October 10, 1991.

Texas Family Code section 3.632(c) is an express limitation on the liability of an insurance company that pays the proceeds of a policy to the designated beneficiary. This court must follow and apply the clear and plain meaning of the statutes. *Moreno v. Sterling Drug., Inc.,* 787 S.W.2d 348, 352 (Tex.1990); *Connors v. Connors,* 796 S.W.2d 233, 237 (Tex.App.—Fort Worth 1990, writ denied).

The words of section 3.632(c) are specific and unambiguous in requiring that an insurer receive "written notice at the home office of the insurer from an interested person that the designation is not effective ... before it can be liable for payment for the proceeds...." TEX.FAM.CODE ANN. § 3.632(c)(1) (Vernon 1993).

Similarly, article 3.48 of the Texas Insurance Code unequivocally discharges the insurer from all liability under the policy *in the absence of the receipt by it of notice of an adverse claim to the proceeds of the policy from one having a bona fide legal claim.* TEX.INS.CODE ANN. art. 3.48 (Vernon 1981). We find that any constructive notice the insurance company might have had upon receipt of the divorce decree does not constitute written notice under the Family Code or the Insurance Code. Accordingly, we overrule appellants' points of error.

The judgment of the trial court is affirmed.