**Mike MOSES, Commissioner of Education, and Nelda Dukes, Appellants,**

v.

**FORT WORTH INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 2–97–298–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 8, 1998.

Dan Morales, Attorney General, Jorge Vega, First Ass't Atty. Gen., Laquita A. Hamilton, Dep. Ass't Atty. Gen., Sedora Jefferson, Chief, Administrative Law Div., George Warner, Ass't Atty. Gen., Austin, Ortiz and Associates, Daniel A. Ortiz, Fort Worth, for Appellant.

Chappell & McCartland, L.L.P., Robert S. Johnson, Fort Worth, for Appellee.

Before DAY, DAUPHINOT, and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Nelda Dukes ("Dukes") is a school teacher who was suspended without pay for fifteen days by the Fort Worth Independent School District ("Fort Worth ISD"). Dukes filed her petition for review with the Commissioner of Education, Mike Moses, ("the Commissioner") on December 31, 1996. Although Fort Worth ISD was required to file the complete local record from the suspension

hearing with the Commissioner by January 20, 1997, it failed to do so. The Commissioner granted Dukes's appeal and ordered that Dukes should not be suspended. Fort Worth ISD sought judicial review of the Commissioner's decision by filing its original petition in district court. The district court annulled the Commissioner's decision and ordered him to allow Fort Worth ISD to supplement the record, finding that his decision was not supported by substantial evidence. Because we hold that the requirement to file the complete local record is mandatory and that the Commissioner's decision is supported by substantial evidence, we reverse the district court's judgment and render judgment for Dukes and the Commissioner.

In their first point on appeal, the Commissioner and Dukes contend that the statutory deadline for filing the local record is mandatory. The Texas Education Code states that the school district *"must* file a response not later than the 20th day after the date the petition for review is filed. The record of the local hearing *must* be filed with the district's response or be filed alone within the period for a response if the district does not file a response."[1] The Commissioner interpreted this statute as creating a mandatory requirement for Fort Worth ISD to file the complete local record by January 20, 1997, the 20th day after Dukes filed her petition for review on December 31, 1996.

■ The fundamental rule in statutory interpretation is to determine the legislature's intent as expressed in the language of that statute.[2] In construing statutes, we presume that several acts or provisions relating to the same subject were intended to be consistent and to operate in harmony.[3] In developing an appellate time table, the legislature has enacted other provisions in section 21.301 of the education code that set time limits. For example, a teacher wishing to appeal a decision to the Commissioner is required to file a petition for review not later than the 20th day after the board of trustees or board subcommittee announces its decision.[4] Surely the legislature did not intend the appellate time table to be mandatory when applied to teachers but merely permissive when applied to the school district. A consistent reading of this section indicates that the legislature intended to create mandatory deadlines for both teachers and school districts.

" 'Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.' "[5] The Commissioner is charged with the enforcement of the education code. His interpretation of the word "must" in section 21.301 as being mandatory is entitled to great weight because his interpretation is both reasonable and does not contradict the plain language of the statute.

Furthermore, it is presumed that the legislature used words in a statute "in the sense in which they are ordinarily understood."[6] "The terms 'must' and 'shall' are synonymous and are usually mandatory when used in statutes."[7] We conclude that the word "must" as used in section 21.301 of the education code creates a mandatory requirement that the school district file the local record not later than the 20th day after the petition for review is filed. We sustain the appellants' first point.

■ In their second point on appeal, the Commissioner and Dukes contend that the

1. Tex. Educ.Code Ann. § 21.301(b) (Vernon 1996) (emphasis added).

2. *See Crimmins v. Lowry,* 691 S.W.2d 582, 584 (Tex.1985); *Texas Dep't of Pub. Safety v. Mendoza,* 956 S.W.2d 808, 811 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

3. *See Connors v. Connors,* 796 S.W.2d 233, 237 (Tex.App.—Fort Worth 1990, writ denied).

4. *See* Tex. Educ.Code Ann. § 21.301(a) (Vernon 1996).

5. *Dodd v. Meno,* 870 S.W.2d 4, 7 (Tex.1994) (refusing to reverse the Commissioner of Education's reasonable determination in an area where he possesses considerable authority and expertise).

6. *Connors,* 796 S.W.2d at 237.

7. *Sodipo v. State,* 815 S.W.2d 551, 553–54 (Tex. Crim.App.1990).

trial court erred in annulling the Commissioner's decision because it is supported by substantial evidence. The education code provides for judicial appeals from the Commissioner's decision to district courts.[8] In applying the substantial evidence rule, the district court shall review the evidence on the evidentiary record made at the local level and any evidence taken by the Commissioner but may not take additional evidence.[9] The district court may not reverse the Commissioner's decision unless the decision was not supported by substantial evidence or unless the Commissioner's conclusions of law are erroneous.[10]

The education code requires the Commissioner to review the school board's decision to see if the decision is arbitrary, capricious, or unlawful or is not supported by substantial evidence.[11] In addition to the filing requirement in section 21.301 of the education code, the Commissioner's Office of Legal Services, by certified letter dated January 2, 1997, directed Fort Worth ISD to file its answer and the local record by January 20, 1997. Fort Worth ISD, however, did not file the entire local record. On January 27, 1997, Fort Worth ISD filed a certified copy of the Board of Education Hearing Record containing only volumes I and II of the oral argument before the board of trustees, but it did not file the record of the proceedings before the certified hearing examiner. Fort Worth ISD filed no record of testimony by any witnesses.

█ Fort Worth ISD argues that the Commissioner was barred from reversing the school board's decision based on Fort Worth ISD's failure to file the local record because this failure was a "procedural irregularity or error." We disagree. Fort Worth ISD relies on section 21.303(c) of the education code, which provides that the Commissioner

> may not reverse a decision of a board of
> trustees based on a procedural irregularity

or error by a hearing examiner, the board of trustees, or a board subcommittee unless the commissioner determines that the irregularity or error was likely to have led to an erroneous decision by the board or board subcommittee.[12]

A plain reading of the statute indicates that the only irregularities or errors covered by this section are those that were made by a hearing examiner, the board of trustees, or a board subcommittee and that contributed to the board's or subcommittee's decision. The error in this case, failing to file the local record, was made by the school district. And it occurred after the board made its decision and therefore could not have contributed to the decision. Thus, section 21.303(c) does not apply to Fort Worth ISD's failure to file the complete local record.

█ The education code states that the Commissioner shall consider the appeal solely on the basis of the local record and may not consider any additional evidence or issue.[13] Furthermore, the Commissioner must issue a decision not later than the 30th day after the last day on which a response to the petition for review may be filed.[14] If the Commissioner does not issue a decision by that date, the decision of the school board is automatically affirmed.[15] In this case, January 20, 1997, was the last day on which the school board could file a response. The Commissioner was therefore required to make his decision by February 20, 1997, or the school board's decision would be automatically affirmed. The Commissioner waited until February 18, 1997, to make a decision, thus giving Fort Worth ISD almost an additional month to file the entire local record. Fort Worth ISD, however, failed to file the entire local record. Because both the filing requirement and the Commissioner's deadline for issuing a decision are mandatory, the Commissioner did not have the dis-

---

**8.** *See* Tex. Educ.Code Ann. § 21.307 (Vernon 1996).

**9.** *See id.* § 21.307(e).

**10.** *See id.* § 21.307(f).

**11.** *See id.* § 21.303(b).

**12.** *Id.* § 21.303(c).

**13.** *See id.* § 21.301(c).

**14.** *See id.* § 21.304(b).

**15.** *See id.*

cretion to ignore the filing requirement or to delay his decision.

Because there was not a complete local record, and specifically no testimony at all, there was not substantial evidence to support the school board's decision. In fact, there was almost no evidence to support the school board's decision. The Commissioner had no option but to reverse the school board's decision, or otherwise it would automatically be affirmed on February 20th. We hold that the Commissioner was correct in his decision to reverse the school board's decision. There is substantial evidence to support the Commissioner's conclusion that the education code creates a mandatory filing deadline, that Fort Worth ISD did not meet this deadline, and that without the local record there was not substantial evidence to support the school board's decision. We sustain the appellants' second point.

We hold that section 21.301 of the education code creates a mandatory requirement that the school district file the entire local record not later than the 20th day after the petition for review is filed, that the Commissioner's decision to reverse the school board's decision is supported by substantial evidence, and that the Commissioner's conclusions of law are not erroneous. We therefore reverse the district court's judgment and render judgment for Dukes and the Commissioner that the Commissioner's decision is affirmed.