Kim McGILVRAY, Appellant,

v.

Mike MOSES, Commissioner of Education for The State of Texas; The Central Education Agency, by and through The Commissioner of Education; and Boyd Independent School District, Appellees.

No. 2–99–092–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 16, 1999.

Daniel Ortiz, Ortiz & Associates, Shane Goetz, Rossetti & Goetz, Arlington, for appellant.

John L. Ross, Sherry L. Travers, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, John Cornyn, Atty. Gen., Andy Taylor First Asst. Atty Gen., Linda S. Eads, Deputy Atty. Gen., Don Walker, Chief Administrative Law Div., George Warner, Asst. Atty. Gen., Austin, for appellee.

Panel B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

SAM J. DAY, Justice.

Kim McGilvray appeals the termination of her teaching contract with Boyd Independent School District (BISD). After receiving notice that her contract had been proposed for termination, McGilvray requested a hearing. Following three days of testimony, a certified hearing examiner filed extensive findings of fact and conclusions of law, and recommended that McGilvray be terminated. Without reviewing the record before the hearing examiner, the BISD Board of Trustees ("Board") voted to terminate McGilvray's term contract. McGilvray appealed to the Commis-

sioner of Education, who held the Board's failure to review the record was a procedural error that did not likely result in the rendition of an erroneous result. After McGilvray petitioned for judicial review, the trial court affirmed the Commissioner's decision.

Raising two issues, McGilvray contends (1) the Commissioner erred in concluding the Board's failure to review the hearing examiner's record constituted a harmless procedural error and (2) the trial court erred in affirming the Commissioner's decision. Because McGilvray has not shown that the Commissioner's conclusions of law were erroneous or that his findings of fact were not supported by substantial evidence, we affirm.

## REVIEW OF THE DECISION TO DISCHARGE

Under section 21.251(a)(2) of the education code, a teacher who receives notice of a proposal to terminate her employment contract is entitled to a hearing before a certified hearing examiner. *See* TEX. EDUC.CODE ANN. § 21.251(a)(2) (Vernon 1996). At this hearing, the teacher has a right to hear the evidence on which the charges are based and present her own evidence. *See id.* § 21.256(c). The burden of proof is on the school district by a preponderance of the evidence. *See id.* § 21.256(h). After the hearing, the examiner must make a written recommendation that includes findings of fact and conclusions of law, and may include a proposal for granting relief. *See id.* § 21.257(a).

At the first board meeting for which notice can be given after the examiner issues his recommendation, the Board "shall consider the recommendation and record of the hearing examiner" and allow each party to address the Board. *See id.* § 21.258(a), (b). No later than the tenth day after the meeting, the Board must announce a decision that includes findings of fact and conclusions of law. *See id.* § 21.259(a). The Board may adopt, reject,

or change the hearing examiner's conclusions of law. *See id.* § 21.259(b). However, the Board may reject or change a finding of fact only after reviewing the record of the proceeding before the hearing examiner and only if the finding of fact is not supported by substantial evidence. *See id.* § 21.259(c).

If dissatisfied with the Board's decision, the teacher may appeal to the Commissioner of Education. *See id.* § 21.301(a). The Commissioner must review the record of the hearing before the hearing examiner and the oral argument before the Board. *See id.* § 21.301(c). If the Board terminated a teacher's contract and accepted the hearing examiner's findings of fact without modification, the Commissioner may not substitute his judgment for the Board's unless the Board's decision was arbitrary, capricious, or unlawful or is not supported by substantial evidence. *See id.* § 21.303. Furthermore, the Commissioner may not reverse the Board's decision based on a procedural irregularity or error unless the error likely led to the rendition of an erroneous decision by the Board. *See id.* § 21.303(c).

Either party may appeal for judicial review of the Commissioner's decision in district court. *See id.* § 21.307(a). The court must review the record made at the local level under the substantial evidence rule. *See id.* § 21.307(e). However, the district court may not reverse the Commissioner's decision unless the decision was not supported by substantial evidence or unless the Commissioner's conclusions of law are erroneous. *See id.* § 21.307(f).

## FACTUAL AND PROCEDURAL BACKGROUND

During the 1996–97 school year, McGilvray had a one-year term contract with BISD teaching physical education to 4th, 5th, and 6th grade students. In October 1996, a Wise County juvenile probation officer was scheduled to present a program entitled "Choices" to the 6th grade class. In anticipation of the officer's visit,

McGilvray prepared a list of the names of forty-two 6th grade students who McGilvray believed had "attitude" problems. On the list, McGilvray made a general notation that these students were "thoughtless, disrespect[ful], rude, selfish and uncaring."

On October 9, McGilvray gave the list to a fellow teacher with instructions to deliver it to the officer before his first presentation that morning. The teacher, Melody Richardson, unfolded the list and felt immediately nauseated upon reading it. Richardson showed the list to a teacher's aide and asked what she thought Richardson should do with it. The teacher's aide made a copy of the list, and Richardson gave the list to the principal. The principal put the list in a drawer and did not deliver it to the officer.

The copy of the list made by the teacher's aide soon made it into the small Boyd community and became common knowledge throughout the town. By 8 a.m. the following morning, a group of angry parents were at the superintendent's office complaining about the list and demanding that McGilvray be fired. Within days, the district received dozens of letters from parents demanding that McGilvray's contract be terminated or that their children not be in class with her.

On November 19, 1996, BISD Superintendent Larry Enis notified McGilvray that her term contract had been proposed for termination for good cause. As grounds, Enis listed violation of BISD students' rights to privacy, violation of district policy concerning confidential student information, and violations of the Family Education Rights and Privacy Act (FERPA). McGilvray was also informed that in light of recent events, she could no longer be effective as a teacher within the Boyd school system.

After learning of the proposal to terminate her contract, McGilvray requested a hearing before a hearing examiner. After three days of testimony from sixteen wit-

nesses, the hearing examiner compiled a fifty-three page report. The examiner made fifty-three findings of fact and concluded good cause existed to terminate McGilvray for violating FERPA and BISD policy, and failing to meet acceptable standards of conduct in the teaching profession.

On April 29, 1997, the Board met to consider the proposal to terminate McGilvray's teaching contract. After considering the hearing examiner's extensive report, but without reviewing the record before the hearing examiner, the Board voted to terminate McGilvray's employment contract for good cause.

McGilvray appealed the Board's decision to the Commissioner of Education, complaining that the Board was required to review the record of the hearing examiner under section 21.258 of the education code and that its failure to do so rendered its decision arbitrary, capricious, and unlawful. Alternatively, McGilvray argued the Board's decision was not supported by substantial evidence. After considering the record before the hearing examiner and the Board, the Commissioner held McGilvray had violated federal law and BISD policy, and could no longer function as an effective teacher in the BISD. In his conclusions of law, the Commissioner agreed that section 21.258(a) of the education code required the Board to review the hearing examiner's record, but concluded the Board's omission was a procedural error that did not likely lead to an erroneous decision. The Commissioner concluded good cause existed to terminate McGilvray's contract and affirmed the Board's decision.

McGilvray sought judicial review of the Commissioner's decision, complaining the Commissioner erred in concluding the Board's failure to consider the examiner's record was a procedural error. Alternatively, she argued the error likely led to an erroneous decision by the Board. The trial court determined the Commissioner's conclusions of law were not erroneous, and

further, the record before the Commissioner did not show any procedural irregularity that was likely to have led to an erroneous decision. After concluding the Commissioner's findings were supported by substantial evidence, the trial court affirmed.

## APPLICATION OF THE LAW TO THE FACTS

The crux of McGilvray's argument is that her right to a proper review of the record by the Board was an important substantive right. As a result, she concludes the Commissioner erred in deciding the Board's failure to review the record was a harmless, procedural error.

■■■ The construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, as long as the construction is reasonable and does not contradict the plain language of the statute. *See Dodd v. Meno,* 870 S.W.2d 4, 7 (Tex.1994); *Moses v. Fort Worth Indep. Sch. Dist.,* 977 S.W.2d 851, 853 (Tex.App.—Fort Worth 1998, no pet.). Furthermore, the findings, inferences, conclusions, and decisions of the agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *See City of El Paso v. Public Util. Comm'n of Tex.,* 883 S.W.2d 179, 185 (Tex.1994); *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984). Because the Commissioner is charged with the enforcement of the education code, his interpretation of section 21.258 as a procedural requirement is entitled to great weight because it is reasonable and does not contradict the plain language of the statute. *See Moses,* 977 S.W.2d at 853.

■■■ Substantive law fixes the primary rights and duties of the parties and defines the remedy for the breach of these duties and rights. *See Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.,* 732 S.W.2d 717, 720–21 (Tex.App.—Dallas 1987, no writ). Procedural law, on the

other hand, is simply the provisions that govern the process by which substantive rights are made effective. *See id.* at 721. Contrary to McGilvray's contentions, however, simply because a *substantive right* is involved does not mean that the Board's failure to review the record cannot be a procedural error. Here, the provision in question does not alter McGilvray's substantive right to a hearing, but rather merely sets out the process by which the Board is to reach its decision on the hearing examiner's recommendation. As a result, we hold the provision in section 21.258 of the education code is procedural in nature.

Because the Board's failure to review the hearing examiner's record was a procedural error, the Commissioner was precluded by statute from reversing the Board's decision unless the error likely led to the rendition of an erroneous decision. *See* TEX. EDUC.CODE ANN. § 21.303(c). After reviewing the entire record made at the local level, the Commissioner determined the Board had good cause to terminate McGilvray's contract because she disseminated confidential information about students to a non-school official and, in doing so, violated federal law. The Commissioner also concluded that as a result of McGilvray's actions, she could no longer be effective as a teacher in the BISD.

 On appeal, McGilvray does not challenge the evidence supporting these conclusions. Significantly, at no time during the three prior proceedings in this matter—the Board meeting, the Commissioner's hearing, and the bench trial—has McGilvray pointed out any of the examiner's extensive findings of fact or conclusions of law that are not supported by substantial evidence. Nevertheless, she argues that even assuming the examiner's findings were supported by the record, the Board still could have rejected the examiner's recommendation and might have done so if it had considered the entire record. Although this is true in theory, the record reflects that after reviewing the examin-

er's lengthy findings of fact, the Board informed McGilvray that it was going to accept the examiner's recommendation unless McGilvray could point to evidence in the record negating the examiner's findings. McGilvray did not; indeed she could not, for these findings were amply supported by the record. Thus, the fact that the Board did not review the entire hearing examiner's record had no effect on its outcome and was harmless.

## CONCLUSION

Because the Commissioner's decision was supported by substantial evidence and because McGilvray failed to demonstrate that his conclusions of law were erroneous, the trial court did not err in affirming the Commissioner's decision. *See* TEX. EDUC. CODE ANN. § 21.307(f). Accordingly, we overrule McGilvray's points on appeal and affirm the trial court's decision.