Robert KEATON, Appellant,

v.

STATE of Texas, Appellee.

No. 01–88–00404–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 1988.

Rehearing Denied Aug. 18, 1988.

Discretionary Review Refused Nov. 9, 1988.

Douglass Pope, Pope & Waits, Houston, for appellant.

Russell Richardson, Asst. City Atty., Houston, for appellee.

Before SAM BASS, DUNN and STEPHANOW, JJ.

## OPINION

DUNN, Justice.

A jury found appellant guilty of the offense of failure to maintain financial responsibility, and assessed a fine of $200.

Appellant had been stopped by a City of Houston policeman who noticed that appellant's license plate light was burned out. Upon being put in the patrol car and asked for his driver's license and proof of insurance, appellant told the policeman that he did not have any insurance on the car. After being issued a citation for failure to maintain financial responsibility on the automobile that he was driving, appellant was free to go.

■ In his first point of error, appellant argues that the evidence presented by the police officer regarding his statement that he did not have any insurance should not have been allowed, over his objection, because he was not given *Miranda* warnings, pursuant to *Miranda v. Arizona* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He contends that being placed in the patrol car constituted an arrest because the police officer testified at a motion hearing that appellant was not free to leave.

The U.S. Supreme Court has held that *Miranda* warnings are generally not required for the detention of a motorist pursuant to a traffic stop for two reasons: (1) there is a presumption that the stop will be temporary and brief, and that once the necessary questions are asked and citation issued, the motorist would be free to go; and (2) the public "atmosphere surrounding the ordinary traffic stop is substantially less 'police dominated' than that surrounding the kinds of interrogation at issue in *Miranda*, itself." *Berkemer v. McCarty*, 468 U.S. 420, 437–40, 104 S.Ct. 3138, 3148– 50, 82 L.Ed.2d 317 (1984). However, the Supreme Court went on to hold that if a motorist is subjected to treatment that ren-

ders him "in custody" for practical purposes, he would be entitled to *Miranda* protections. *Id.* at 440, 104 S.Ct. at 3150; *see Wicker v. State*, 740 S.W.2d 779, 786 (Tex.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988) (citing *Berkemer* for the proposition that *Miranda* does not apply to roadside questioning of one stopped pursuant to a traffic violation, although it has been extended to custodial interrogation regarding even a misdemeanor traffic offense). In *Berkemer*, rights to *Miranda* warnings were not triggered until after the motorist failed a field sobriety test, admitted consuming two beers and smoking marijuana, and was placed under arrest and put into the patrol car to take to the police station. The *Berkemer* court also held that, even though the police officer testified that as soon as the defendant stepped out of his car, he intended to take him into custody, "a policeman's unarticulated plan has no bearing on the question of whether a suspect was 'in custody' at a particular time." *Id.* 468 U.S. at 442, 104 S.Ct. at 3151.

We find that the act of putting appellant in the patrol car and asking him to produce a driver's license and proof of insurance, required by law for all Texas motorists, did not constitute custodial interrogation requiring *Miranda* warnings.

Point of error one is overruled.

■ In his second point of error, appellant argues that the testimony of the police officer that appellant was driving within the incorporated limits of the City of Houston was not sufficient to prove that the offense occurred in Houston. He contends that the best evidence of this would be the ordinance of the City showing the particular area having been incorporated or annexed, which is the objection to the officer's testimony raised at trial. Neither at trial nor in his brief does appellant cite any rule of evidence or other authority for this argument.

Tex.R.Crim.Evid. 1002, sometimes referred to as the "best evidence rule," does not apply here. The city ordinance and its contents were not at issue, and the issue of whether the stop was made within the city

limits was only a collateral issue. *See Prudential Ins. Co. v. Black,* 572 S.W.2d 379 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *see also Richardson v. Impey,* 94 S.W.2d 490 (Tex.Civ.App.—Beaumont 1936, writ dism'd w.o.j.) (testimony in a truck collision case that the road where the accident occurred was a designated state highway was held not objectionable on ground that the best evidence thereof was a certified copy of records making such designation).

We hold that the officer's uncontroverted testimony is sufficient to establish that appellant was driving within the Houston city limits. Point of error two is overruled.

The judgment of the trial court is affirmed.