ACCEPTED
13-14-00512-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/28/2015 1:31:57 PM
DORIAN RAMIREZ
CLERK

## No. 13-14-512-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/28/2015 1:31:57 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

---

# CHRISTOPHER MARTINEZ,
## APPELLANT,

## v.

# THE STATE OF TEXAS,
## APPELLEE.

---

ON APPEAL FROM THE 214TH DISTRICT COURT
NUECES COUNTY, TEXAS

---

## BRIEF FOR THE STATE

---

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

Attorney for Appellee

## ORAL ARGUMENT IS REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................................... ii

SUMMARY OF THE ARGUMENT ...........................................................................1

ARGUMENT ...............................................................................................................2

**Reply Point No. 1**
**The evidence is legally sufficient to prove all elements of criminal**
**mischief.** ..................................................................................................................2

**Reply Point No. 2**
**Martinez has failed to prove ineffective assistance of trial counsel.** ..........4

    **I. Statement of Facts.**.................................................................................4
    **II. Ineffective Assistance of Counsel.**.....................................................5
    **III. Miranda Requirements.** ....................................................................7
    **IV. Reasonable Trial Strategy and Lack of Prejudice.**....................9

PRAYER .................................................................................................................. 11

RULE 9.4 (i) CERTIFICATION .............................................................................. 11

CERTIFICATE OF SERVICE ................................................................................. 12

# INDEX OF AUTHORITIES

## Cases

*Amador v. State*, 221 S.W.3d 666 (Tex. Crim. App. 2007). ........................ 10

*Balentine v. State,* 71 S.W.3d 763 (Tex. Crim. App. 2002). ..........................8

*Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138 (1984). .......................8

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App. 2007). ...........................3

*Dowthitt v. State,* 931 S.W.2d 244 (Tex. Crim. App. 1996). ..........................8

*Garcia v. State,* 57 S.W.3d 436 (Tex. Crim. App. 2001). ...............................7

*Goodspeed v. State,* 187 S.W.3d 390 (Tex. Crim. App. 2005). ......................6

*Guajardo v. State,* 109 S.W.3d 456 (Tex. Crim. App. 2003). ...................... 10

*Hooper v. State,* 214 S.W.3d 9 (Tex. Crim. App. 2007). ...............................3

*Jackson v. State,* 973 S.W.2d 954 (Tex. Crim. App. 1998). ..................... 6, 7

*Keaton v. State,* 755 S.W.2d 209 (Tex. App.–Houston [1st Dist.] 1988, pet. ref'd). .............................................................................................................9

*Menefield v. State,* 363 S.W.3d 591 (Tex. Crim. App. 2012). .......................7

*Ortiz v. State*, 93 S.W.3d 79 (Tex. Crim. App. 2002). ...................................7

*State v. Ortiz,* 382 S.W.3d 367 (Tex. Crim. App. 2012). ...............................8

*Rylander v. State,* 101 S.W.3d 107 (Tex. Crim. App. 2003). .........................6

*State v. Saenz*, 411 S.W.3d 488 (Tex. Crim. App. 2013). ..............................8

*Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526 (1994). .....................8

*State v. Stevenson,* 958 S.W.2d 824 (Tex. Crim. App. 1997). .......................8

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). .............. 5, 6

*Thompson v. Keohane,* 516 U.S. 99, 116 S.Ct. 457 (1995). ............................7

*Thompson v. State,* 9 S.W.3d 808 (Tex. Crim. App. 1999). ....................... 5, 6

*Ex parte Welborn,* 785 S.W.2d 391 (Tex. Crim. App. 1990). .........................6

*Wert v. State*, 383 S.W.3d 747 (Tex. App.—Houston [14th Dist.] 2012, no pet.). ............................................................................................................. 7, 9

## Statutes & Rules

Tex. Pen. Code § 28.03. ...............................................................................2

| CHRISTOPHER MARTINEZ, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## SUMMARY OF THE ARGUMENT

*First Issue* – Eyewitness testimony that Martinez slashed the victim's tires was sufficient to support the present conviction for Criminal Mischief.

*Second Issue* – Martinez failed to prove that his trial attorney was ineffective for failing to seek to suppress his statements to the police, both because he failed to prove the merits of a motion to suppress, and because he failed to show that the statements hurt his defense.

# ARGUMENT

## Reply Point No. 1
### The evidence is legally sufficient to prove all elements of criminal mischief.

A person commits the offense of Criminal Mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner. Tex. Pen. Code § 28.03 (a)(1). The offense is a State Jail Felony if the amount of pecuniary loss is $1,500 or more but less than $20,000. Tex. Pen. Code § 28.03 (b)(4)(A).

In the present case, Martinez was indicted for, and found guilty of, Criminal Mischief, and specifically for damaging a vehicle by cutting the tires, causing a loss of more than $1,500. (CR pp. 5, 68)

At trial, Gabriel Leal, a bouncer at the club that Martinez had just left, testified that he saw Martinez "damaging a vehicle" by "stabbing tires" (RR vol. 3, pp. 17-19), though Leal also admitted that Martinez's back was toward him at the time and what he actually saw was Martinez's arm "making a back-and-forth swinging motion." (RR vol. 3, pp. 19, 20).

Ruben Barrera, the owner of the vehicle, testified that he had taken it to the club that night, and that he later went outside to find all four tires had been slashed. (RR vol. 3, pp. 53-54). When he was shown photographs of the slashed tires, Barrera testified that these "fairly and accurately portray

2

what happened to [his] vehicle that night." (RR vol. 3, p. 54) Those photographs show flat tires that would appear to render the vehicle practically undrivable. (SX 3-5) Barrera then had the vehicle towed to his house, and had the tires replaced for over three thousand dollars. (RR vol. 3, pp. 56-57).

Martinez challenges the sufficiency of the evidence to show that he actually cut the tires in question, stressing that the sole witness, Leal, was not close enough to see what Martinez was doing when he made a swinging motion next to the tires.

In analyzing legal sufficiency, the reviewing court should "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Clayton*, 235 S.W.3d at 778 (quoting *Hooper,* 214 S.W.3d at 13).

In the present case, Leal clearly testified that he saw Martinez cutting the tires. However, even if Leal merely assumed that Martinez was cutting

them based on the swinging motion in question, but could not see the tires actually being cut, the surrounding circumstances were clearly sufficient for the jury to infer that Martinez did cut the tires and cause the damage in question. Common sense suggests that the victim drove his car to the club with functional tires that had not been slashed, and that the tires were slashed while it was in the parking lot at the club. The fact that Martinez was seen making a slashing motion toward the tires while the vehicle was parked there is sufficient to infer that he slashed the tires, and thus committed Criminal Mischief.

Martinez's first issue on appeal should be overruled.

## Reply Point No. 2
### Martinez has failed to prove ineffective assistance of trial counsel.

Martinez complains that his trial attorney was deficient in failing to move to suppress certain statements that he made to police after his vehicle was stopped and before he had been Mirandized.

### I. Statement of Facts.

Officer Chrystal Rodriguez testified to making a traffic stop of Martinez's vehicle and taking him out of that vehicle. (RR vol. 3, pp. 39-40) Officer Rodriguez also testified that, after Martinez was pulled out of the vehicle and before he was placed under arrest, she had a conversation with

4

him about where he came from and if he was involved in the incident they were investigating. (RR vol. 3, pp. 41-42)

Officer Jerry Lockhart also testified to stopping the vehicle, and pulling Martinez out and patting him down. (RR vol. 3, pp. 45-46) Lockhart then put Martinez in the back seat of his patrol unit. (RR vol. 3, pp. 46-47)

Officer Casey Henry testified that he performed the pat-down on Martinez and found a knife in his pocket. (RR vol. 3, pp. 28-29) After he recovered the knife, Officer Henry questioned Martinez and the other occupant to see if they were involved in the incident. (RR vol. 3, p. 32)

The DVD that Martinez complains should have been suppressed was admitted to show Martinez's behavior in front of the patrol car. (RR vol. 3, p. 49) Martinez points to no testimony or other indication that he was under arrest at the time the recording was made.

## II. Ineffective Assistance of Counsel.

On appeal, to prove ineffective assistance of trial counsel an appellant must show that counsel's assistance fell below an objective professional standard of reasonableness and counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington,* 466 U.S. 668, 687–88, 692, 104 S.Ct. 2052 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim.

App. 1999). To prove prejudice, an appellant must show by a preponderance of the evidence that but for counsel's unprofessional error, the outcome of his trial would have been different. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

The reviewing court should consider the totality of counsel's representation in light of the particular circumstances of the case and presume that counsel acted competently and made decisions based on a reasonable trial strategy. *See Strickland,* 466 U.S. at 689, 695, 104 S.Ct. 2052; *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson,* 9 S.W.3d at 813.

Accordingly, a direct appeal is generally an "inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed,* 187 S.W.3d at 392. Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Id.* (quoting *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Absent that opportunity, deficient performance should be found only if the trial counsel's conduct was "so outrageous that no competent

attorney would have engaged in it." *Menefield v. State,* 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

When an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible. *Ortiz v. State,* 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). Specifically, to satisfy the *Strickland* test and prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, an appellant must defeat the presumption of proper police conduct and show that the motion to suppress would have been granted. *Jackson v. State,* 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998); *Wert v. State,* 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

### III. Miranda Requirements.

Under *Miranda* and Texas law, a "custodial interrogation" is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of [her] freedom of action in any significant way"; in other words, a custodial interrogation is one in which a detainee's freedom of movement is restrained to the degree associated with a formal arrest and not a mere investigative detention. *Thompson v. Keohane,*

516 U.S. 99, 107, 116 S.Ct. 457 (1995); *State v. Ortiz,* 382 S.W.3d 367, 372 (Tex. Crim. App. 2012); *Dowthitt v. State,* 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *State v. Saenz*, 411 S.W.3d 488, 496 (Tex. Crim. App. 2013) (citing *Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526 (1994)).

A traffic stop, by itself, does not constitute "custody" for purposes of *Miranda. Berkemer v. McCarty,* 468 U.S. 420, 437, 104 S.Ct. 3138 (1984); *State v. Stevenson,* 958 S.W.2d 824, 828 (Tex. Crim. App. 1997). And "the mere fact that the suspect becomes the focus of a criminal investigation does not convert a roadside stop into an arrest." *Stevenson,* 958 S.W.2d at 829. The Supreme Court reasoned that questioning during a traffic stop mitigates the danger presented under *Miranda* because traffic stops are presumptively brief and temporary, unlike a police station interrogation, and are more open and take place in public, which lessens the police dominance over a defendant. *See Berkemer,* 468 U.S. at 437–38.

In addition, Martinez was not in custody merely because he was removed from his vehicle, nor was he necessarily in custody when he was placed in the back of the officers' patrol car. *See Balentine v. State,* 71

S.W.3d 763, 771 (Tex. Crim. App. 2002) (defendant not in custody even though he was handcuffed and placed in back of patrol car because those actions were reasonably necessary to ensure the officer's safety) ; *Wert v. State*, 383 S.W.3d 747, 753-54 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Balentine*); *Keaton v. State,* 755 S.W.2d 209, 210 (Tex. App.–Houston [1st Dist.] 1988, pet. ref'd) (officer's placement of traffic-stop suspect into back of patrol car to ask for license and registration was not custodial interrogation under *Miranda* ).

Accordingly, Martinez has failed to show that he was in custody at the time he made the statements in question and that a motion to suppress should have been granted.

### IV. Reasonable Trial Strategy and Lack of Prejudice.

However, even if Martinez could have suppressed these statements, he fails to show that the statements were harmful or that his trial attorney was not exercising reasonable trial strategy in refraining from filing a motion to suppress.

The DVD in question does not appear to have even been made a part of the appellate record. It is the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents, and reviewing courts cannot assume or speculate about the contents of exhibits or other

9

materials that are not contained in the appellate record. *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) (citing *Guajardo v. State,* 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003)).

Moreover, the admissions that Martinez points to in his brief - that the suspects had been to the club that night, and that Martinez owned the knife found in his pocket – had little or no impact on Martinez's defense against the present charge.

Martinez's presence at the club was confirmed by Leal's testimony, was not disputed, and was affirmatively used by the defense through the testimony of Martinez's aunt. The sole witness called for the defense, Juanita Rangel, admitted that Martinez was at the club in question that night, but claimed to have walked out with him and seen him get into his vehicle without slashing the victim's tires. (RR vol. 4, pp. 6-7)

In addition, the knife was found on Martinez and admission of ownership was irrelevant.

Accordingly, Martinez's trial attorney may well have decided that there was no reason to seek to suppress his statements to the police.

Martinez's second issue on appeal should be overruled.

**PRAYER**

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*
_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

**RULE 9.4 (i) CERTIFICATION**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 2,037.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

11

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this brief was e-mailed this 28th day of April, 2015, to Appellant's attorney, Mr. Donald B. Edwards.


/s/ *Douglas K. Norman*
_____
Douglas K. Norman