**Affirmed and Memorandum Opinion filed October 6, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00664-CR

### KENNARD RAYSHAWN JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1999937**

## M E M O R A N D U M   O P I N I O N

Appellant Kennard Rayshawn Johnson challenges his conviction for possession of marijuana on the grounds that the trial court erred in admitting into evidence statements he made to a responding police officer without being administered *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 442–57 (1966). We affirm.

BACKGROUND

Deputy Jay D'Abbraccio of the Harris County Constable's Office initiated a traffic stop of appellant's car for an expired registration sticker and failure to signal before a turn. At the time of the stop appellant was alone in the car. The State introduced an audio recording of D'Abbraccio's conversation with appellant during the traffic stop. Appellant objected to the recording on the grounds that the statement was inadmissible absent a "full and complete *Miranda* warning as to his rights and privilege[s]." The trial court overruled appellant's objection, and admitted the audio recording, which contained appellant's statement.

D'Abbraccio testified that he smelled marijuana as soon as he walked up to the car. D'Abbraccio asked appellant questions about where he was going and asked appellant to wait while he checked for warrants and wrote a citation. After checking the computer, D'Abbraccio discovered appellant had an outstanding warrant and told appellant about the warrant. Appellant denied any knowledge of the outstanding warrant. D'Abbraccio asked appellant whether he had anything illegal in the car including guns, drugs, or knives. D'Abbraccio asked appellant if he smoked marijuana, noting the car smelled like marijuana. Appellant initially denied marijuana use, but ultimately admitted he had marijuana in a bag in the car. Appellant pointed out the bag of marijuana in the car. After finding the marijuana, D'Abbraccio arrested appellant on the outstanding warrant and for possession of marijuana. D'Abbraccio did not give *Miranda* warnings before appellant's admission that he had marijuana in his car.

The trial court entered findings of fact and conclusions of law in which it found that D'Abbraccio detained appellant for a motor vehicle infraction, and did not arrest appellant at the time of the initial stop. The trial court concluded that the totality of the circumstances showed that the encounter between D'Abbraccio and

appellant was a temporary detention for the purpose of investigating the traffic infraction, not an arrest. During the traffic violation encounter, D'Abbraccio became aware of additional facts indicating that marijuana was in or near appellant and his car. When D'Abbraccio asked appellant if he had anything in his car, appellant admitted to being in possession of marijuana.

Appellant was convicted of possession of marijuana and sentenced to 30 days in the Harris County Jail, probated for six months.

## ANALYSIS

Appellant contends that the trial court erred in denying his motion to suppress statements he made to D'Abbraccio on the grounds that the statements were involuntary because appellant was in custody and was not provided with *Miranda* warnings or warnings required by Texas Code of Criminal Procedure Article 38.22, which governs when statements of an accused may be used in evidence against him. At trial, appellant only objected on constitutional grounds, not statutory grounds. Therefore, appellant waived his complaint with regard to the administration of statutory warnings. *See* Tex. R. App. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002) (issue on appeal must comport with the objection made at trial).

This court reviews a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. This court affords the same amount of deference to the trial court's

3

application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id*. This court reviews de novo the trial court's application of the law to facts if resolution of the ultimate questions does not turn on an evaluation of credibility and demeanor. *Id*.

Appellant asserts that the trial court erred in denying his motion to suppress statements he made to D'Abbraccio because D'Abbraccio interrogated him without providing him the benefits of warnings set out by the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. at 442–57. It is a violation of an individual's Fifth-Amendment right against self-incrimination for the State to use unwarned statements obtained as a result of custodial interrogation in a criminal proceeding during its case-in-chief. *Id*. at 444. *Miranda* warnings are required only if the person is "in custody." *See Oregon v. Mathiason*, 429 U.S. 492, 495 (1977).

Generally, a person is not in custody during a routine traffic stop. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). A traffic stop may escalate from a non-custodial detention into a custodial detention when formal arrest ensues or a detainee's freedom of movement is restrained to the degree associated with a formal arrest. *Id*. A person is in custody only if "a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007). In making the custody determination, the primary question is whether a reasonable person would perceive the detention to be a restraint on his movement comparable to formal arrest, given all the objective circumstances. *Ortiz*, 382 S.W.3d at 372. This inquiry is made on an ad hoc, or case-by-case, basis. *Id*.

At trial appellant argued that admission of the statements violated his constitutional rights under the Texas and United States Constitutions. On appeal appellant does not argue that the concept of custody differs under these two types

of claims. Because appellant's only developed argument about custody related to his federal constitutional claim, we will analyze the issue from a federal constitutional perspective. *See Herrera*, 241 S.W.3d at 526. (holding that the meaning of "custody" is the same for purposes of *Miranda* and the state statutory scheme).

The record reflects that D'Abbraccio detained appellant at the scene, rather than another location, for approximately twenty minutes. D'Abbraccio noted that he smelled marijuana and that appellant was nervous. D'Abbraccio told appellant he had an outstanding warrant, and asked appellant whether that was why he was so nervous. D'Abbraccio patted appellant down for potential weapons. D'Abbraccio asked appellant whether he had anything illegal in his car and asked if he could search appellant's car. Appellant did not give consent to search, but also did not unequivocally tell D'Abbraccio that he could not search the car. Appellant initially denied smoking marijuana, but eventually admitted he had marijuana in his car, and showed D'Abbraccio where it was.

Appellant does not identify at which point he alleges he was in custody. He also does not allege any specific activity by D'Abbraccio that led him to believe he was in custody. Appellant cites no authority in his brief in support of the proposition that he was in custody at the time of the questioning. Appellant was not handcuffed, which militates against a finding of custody. *Cf. Ortiz*, 382 S.W.3d at 373 (finding custody when the defendant had been patted down and handcuffed). Appellant had been patted down, but D'Abbraccio explained that he patted down appellant for weapons because appellant was acting nervous and appellant's actions caused D'Abbraccio to be concerned for his safety. The pat-down was merely an investigative detention justified by D'Abbraccio's safety concern. *See O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000) ("[O]fficer need not

be absolutely certain that the individual is armed. The issue is whether a reasonably prudent person would justifiably believe that his safety or that of others was in danger."); *see also Keaton v. State*, 755 S.W.2d 209, 210 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (concluding that placing a motorist in a patrol car did not amount to a custodial arrest so as to require *Miranda* warnings, despite the officer's testimony that the motorist was not free to leave during the traffic stop).

Applying the foregoing legal standard to this case, the trial court did not err in concluding that appellant was not in custody at the time he made the statements to D'Abbraccio. *See State v. Stevenson*, 958 S.W.2d 824, 828–29 (Tex. Crim. App. 1997) (holding that appellant was not in custody when he made statements during roadside driving while intoxicated investigation). The trial court did not err in denying appellant's motion to suppress appellant's statement on the grounds that he did not receive *Miranda* warnings.

## CONCLUSION

The trial court did not err in denying appellant's motion to suppress statements made to the police officer because appellant was not in custody at the time appellant made the statements. Accordingly, we overrule appellant's sole issue.

The trial court's judgment is affirmed.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).