**AFFIRMED and Opinion Filed June 26, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00565-CR**

**CHRISTOPHER HERNANDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Rockwall County, Texas**
**Trial Court Cause No. CR2-22-0075**

## MEMORANDUM OPINION

Before Justices Goldstein, Smith, and Garcia
Opinion by Justice Garcia

This appeal involves the denial of a motion to suppress statements appellant made to the police during the investigation of an accident and potential assault. In a single issue, appellant argues his unwarned statements concerning his alcohol consumption resulted from custodial interrogation and should have been suppressed.

As discussed below, we conclude the trial court's denial of the motion to suppress was not erroneous because appellant's encounter with the police was an investigative detention, not custody, and therefore *Miranda* warnings were not required. The trial court's judgment is affirmed.

# I. BACKGROUND

On the evening in question, Kenyae Green was driving an Amazon truck when he encountered a red pickup truck "facing sideways in the north lanes" with front end damage. Green called 911. He said that he saw a male on the driver's side next to the open door of the pickup and a female exiting the passenger side. The two were "exchanging words," and the female was "trying to get away."

Deputy Cole Donaldson was dispatched to the scene. He believed he was responding to an accident where "a female subject was running and screaming for help with a male subject chasing after her." When Deputy Donaldson arrived, he saw the wrecked vehicle and several people standing around. He described the scene as "hectic."

Deputy Donaldson made contact with appellant, who confirmed that he was the driver of wrecked vehicle. When asked if he had anything to drink that night, appellant responded affirmatively. The female (later identified as appellant's girlfriend) was upset. When Deputy Donaldson asked if she was injured, appellant said, "It's all my fault, it's one hundred per cent my fault." The deputy did not know what appellant was referring to at that point.

Deputy Donaldson decided to separate appellant from others on the scene by detaining him in handcuffs and placing him in the back seat of the patrol car. When he was seated in the police vehicle, Donaldson asked what happened. Appellant said that he had hit the guard rail and he was "drunk." When asked how much he had to

drink, appellant initially said seven bottles of alcohol, but then changed his answer to "two beers and a shot." Appellant was subsequently arrested and charged with driving while intoxicated.

The case was tried to a jury. During trial, appellant moved to suppress the unwarned statements he made after he was placed in the patrol car. The trial court denied the motion and appellant's statements to the officer were played for the jury.

The jury found appellant guilty of the charged offense. The trial court found that appellant had a previous conviction of operating a motor vehicle while intoxicated and assessed punishment at 365 days confinement in the county jail. The trial court also made written findings of fact and conclusions of law, finding, *inter alia*, that appellant was not in custody when the deputy placed him in the patrol vehicle. This timely appeal followed.

## II. ANALYSIS

### A. Standard of Review and Applicable Law

Appellant argues the incriminating statements he made while handcuffed and seated in the patrol vehicle should have been suppressed because he was in custody and no *Miranda* warnings were given. The State responds that the encounter was an investigative detention and therefore no *Miranda* warnings were required.

A trial court's ruling on a motion to suppress evidence is reviewed for an abuse of discretion and should only be reversed if the outcome is outside the zone of reasonable disagreement. *Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App.

2021) (citing *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018); *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014)).

When there is a mixed question of law and fact, we apply a bifurcated standard of review. *Id.* Total deference is given to the trial court's factual assessment of the circumstances surrounding the questioning. *Id.* If the trial court does not make explicit findings of fact, "we view the evidence in the light most favorable to the ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id.* (citing *Herrera v. State*, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007)). When, as here, the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* We will sustain the trial court's decision if it is correct on any theory of law applicable to the case. *Arguellez v. State*, 409 S.W.3d 657, 662–63 (Tex. Crim. App. 2013); *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005).

*Miranda* and Article 38.22 of the Texas Code of Criminal Procedure deem statements produced by custodial interrogation inadmissible unless the accused is first warned that (1) he has the right to remain silent, (2) his statement may be used against him, (3) he has the right to have a lawyer present prior to and during any

questioning, and (4) if he is unable to hire a lawyer, he has the right to have a lawyer appointed. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22. In addition, Article 38.22 requires a warning that the accused has the right to terminate the interview at any time. *Herrera*, 241 S.W.3d at 526. The warnings are required only when there is a custodial interrogation. *Id.*

"Custody is a mixed question of law and fact that does not turn on credibility and demeanor unless the witness testimony, if believed, would always decide the custody question." *Wexl*er, 625 S.W.3d at 167; *see State v. Saenz*, 411 S.W.3d 488, 494 (Tex. Crim. App. 2013). The ultimate legal determination of whether the person was in custody under those circumstances is reviewed de novo. *See Kelly*, 204 S.W.3d at 818. If a suspect is in custody, any statements produced by custodial interrogation are inadmissible unless the accused is first provided warnings as required by *Miranda* and Article 38.22. *Wexler*, 625 S.W.3d at 167; *see also Miranda*, 384 U.S. at 479; TEX. CODE CRIM. PROC. ANN. art. 38.22.

A custody determination requires two inquiries: an inquiry into the circumstances surrounding the interrogation and an inquiry into whether a reasonable person in those circumstances would have felt that he was not free to leave. *Wexler*, 625 S.W.3d at 167 (citing *Thompson v. Keohane*, 516 U.S. 99, 116 (1995)). Restricted freedom of movement, and an individual's belief that he is not free to leave however, does not conclude the inquiry. "The ultimate inquiry is whether, under the circumstances, a reasonable person would have believed that her

freedom of movement was restricted to the degree associated with a formal arrest. *Id.* (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)).

The Texas Court of Criminal Appeals outlined four general situations that may constitute custody: (1) the suspect is physically deprived of [his] freedom of action in any significant way, (2) a law enforcement officer tells the suspect that [he] cannot leave, (3) law enforcement officers create a situation that would lead a reasonable person to believe [his] freedom of movement has been significantly restricted, or (4) there is probable cause to arrest, and law enforcement officers do not tell the suspect that [he] is free to leave. *Wexler*, 625 S.W.3d at 167–68 (citing *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996)). In the first three situations, the restriction of movement must amount to the degree associated with an arrest, rather than an investigative detention. *Id*. at 168. The fourth situation requires that the officer's subjective intent be either "communicated or otherwise manifested to the suspect." *Id.; see Dowthitt,* 931 S.W.2d at 254*; see also Stansbury*, 511 U.S. at 324–25 (officer's subjective intent is irrelevant if it was never conveyed to the suspect.).

We examine the circumstances manifested to and experienced by a suspect to determine whether a reasonable person in that situation would have felt there was a restraint on his freedom to a degree associated with an arrest. *State v. Ortiz*, 382 S.W.3d 367, 373 (Tex. Crim. App. 2012) ("[O]nly the objective circumstances known to the detainee should be considered in deciding what a reasonable person in

his position would believe."); *see also Thompson*, 516 U.S. at 113 ("[I]f encountered by a 'reasonable person,' would the identified circumstances add up to custody . . . ."); *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984) (the only relevant inquiry is how a reasonable person in the suspect's position would have understood the situation). The defendant has the initial burden to establish that his statement was the product of a custodial interrogation. *Herrera*, 241 S.W.3d at 526; *Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005).

## B.    Custody or Investigative Detention?

There is no dispute that warnings were not given before appellant made the incriminating statements that ultimately resulted in his arrest. Appellant argues he was in custody because he was handcuffed, placed in the back of Deputy Donaldson's patrol car, and was not allowed to stand back up. Our inquiry turns on whether the encounter constitutes custody for purposes of *Miranda* or an investigative detention for which *Miranda* warnings were not required.

"Both detention and arrest involve a restraint on one's freedom of movement; the difference is in the degree." *Ortiz v. State*, 421 S.W.3d 887, 890 (Tex. App.— Houston [14th Dist.] 2014, pet. ref'd). An arrest involves a comparatively greater restraint. *State v. Sheppard*, 271 S.W.3d 281, 290 (Tex. Crim. App. 2008). When called upon to distinguish between the two, courts examine several factors, including:

the amount of force displayed, the duration of a detention, the efficiency of the investigative process and whether it is conducted at the original location or the person is transported to another location, the officer's expressed intent–that is, whether he told the detained person that he was under arrest or was being detained only for a temporary investigation, and any other relevant factors.

*Id.* at 291 (Tex. Crim. App. 2008).

An investigative detention "occurs when a person yields to the police officer's show of authority under a reasonable belief that he is not free to leave." *Johnson v. State*, 414 S.W.3d 184, 193 (Tex. Crim. App. 2013); *Horta v. State*, No. 05-19-00080-CR, 2019 WL 6696038, at *3 (Tex. App.—Dallas Dec. 9, 2019, no pet.) (mem. op., not designated for publication). "Thus, while a citizen's freedom of movement is limited by an investigative detention when he 'yields' to the officer's authority, the limitation is temporary and is for the purpose of an investigation." *Kellett v. State*, No. 05-22-01213-CR, 2024 WL 1171382, at *3 (Tex. App.—Dallas Mar. 19, 2021, no pet.) (mem. op., not designated for publication). "A person held for investigative detention is not in "custody." *Dowthitt*, 931 S.W.2d at 255; *Norman v. State*, No. 07-18-00218-CR, 2019 WL 3519316, at *4 (Tex. App.—Amarillo Aug. 1, 2019, no pet.) (mem. op., not designated for publication). Accordingly, the right to *Miranda* warnings is not triggered during an investigative detention. *Hauer v. State*, 466 S.W.3d 886, 893 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Berkemer*, 468 U.S. at 440); *State v. Stevenson*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997). An individual is not in custody for purposes of *Miranda* unless the

detention restricts freedom of movement to the degree associated with a formal arrest. *Wexler*, 625 S.W.3d at 168–169.

There is no bright line establishing when a person who is handcuffed is per se in custody. *In re S.C.*, 523 S.W.3d 279, 283 (Tex. App.—San Antonio 2017, pet. denied); *Martinez v. State*, 304 S.W.3d 642, 653 (Tex. App.—Amarillo 2010, pet. ref'd) (collecting cases). Handcuffing for purposes of an investigative detention—including investigation, maintenance of the status quo, and officer safety—does not necessarily give rise to a custodial investigation. *Martinez*, 304 S.W.3d at 652; *Ortiz*, 421 S.W.3d at 890; *see also Sheppard*, 271 S.W.3d at 283 (handcuffing does not convert a detention into an arrest). Likewise, a suspect's placement in the back seat of a patrol car does not equate to custody under *Miranda*. *Keaton v. State*, 755 S.W.2d 209, 210 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); *Roberts v. State*, No.'s 07-15-00282-CR, 07-15-00283-CR, 2017 WL 2823777, at *6 (Tex. App.—Amarillo 2017, no pet.) (mem. op., not designated for publication).

Moreover, the combination of the two factors—handcuffs and placement in a patrol car— do not necessarily establish custody. *See Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002). A suspect who is temporarily handcuffed and placed in the back of a patrol car for purposes of an investigatory detention is not necessarily in custody, particularly when the officer tells the suspect he is not under arrest. *In re S.C.*, 523 S.W.3d at 283. If an officer tells an individual he is not under arrest, this is the "most important" circumstance offsetting physical restraint in

determining whether the individual is in custody for purposes of *Miranda*. *Id*. at 284. (quoting *Howes v. Fields*, 565 U.S. 499, 515–16 (2012); *see also Champagne v. State*, No. 04-17-00029-CR, 2018 WL 442763, at *3 (Tex. App.—San Antonio Jan. 17, 2008, no pet.).

When Deputy Donaldson handcuffed appellant and placed him in the patrol car, he believed he was investigating an assault. He told appellant, "I'm going to put you in handcuffs, you're not under arrest. You're just being detained, o.k.?" Significantly, appellant understood that he was not under arrest, and replied, "No, I'd rather be under arrest." *See Ortiz*, 383 S.W.3d at 373 (focus is on objective circumstances known to detainee). Deputy Donaldson told appellant that while he could get to that point, "you're just being detained right now."

After he was handcuffed, but before he was placed in the patrol car, appellant asked to speak with his girlfriend, and Deputy Donaldson allowed him to do so. Deputy Donaldson said he would not have allowed this interaction had appellant been under arrest.

After appellant was in the car, the deputy asked him if he had a driver's license. Appellant asked if he could step out because it was in his back pocket. Deputy Donaldson allowed appellant to step out of the car and assisted him in retrieving his wallet. Donaldson testified that he typically does not allow suspects who are in custody to do this.

The back door to the patrol car remained open while Donaldson asked appellant what had occurred. Appellant was concerned that his girlfriend would get in trouble, and initially said he had consumed seven bottles of liquor. When Deputy Donaldson expressed disbelief, appellant amended his answer to say that he had consumed two beers and a shot "not too long ago." The door to the patrol car was not closed until after appellant made these statements. After Donaldson conferred with other officers on the scene, appellant was arrested.[1]

Deputy Donaldson testified that he was not arresting appellant when he handcuffed him and placed him in the car, and did not have probable cause to do so at that time.[2] Instead, appellant was handcuffed because Donaldson was trying to secure the scene and make sure everyone was safe. Donaldson said he put appellant in the patrol car so he could talk to him about what happened "without worrying about him trying to talk to other people."

Under these circumstances, it was not unreasonable for Deputy Donaldson to place appellant in the patrol car in handcuffs for safety and to secure the scene. This display of force did not transform the investigative detention into an arrest. *See Sheppard*, 271 S.W.3d at 291 (concluding officer's handcuffing of defendant was temporary detention, not an arrest, because it was done, in part, to enable officer to

---

[1] Field sobriety tests were not performed.

[2] After Donaldson leaves appellant in the car, about fifteen minutes into the video, appellant's girlfriend asks to speak with appellant and Donaldson declines saying, "He is in custody." But this was after appellant made the incriminating statements.

make protective sweep of scene); *Rhodes v. State*, 945 S.W. 2d 115, 117–18 (Tex. Crim. App. 1997) (holding that removing suspect from car, handcuffing him, and walking him back to patrol car was reasonable to protect officer safety and did not constitute an arrest); *Hauer*, 466 S.W.3d at 891–92 (determining that appellant was not in custody for purposes of *Miranda*, even though officer handcuffed him and placed him in patrol car during DWI investigation); *Watson v. State*, No. 01-21-00281-CR, 2023 WL 4239869, at *5 (Tex. App.—Fort Worth June 29, 2023, pet. ref'd) (mem. op., not designated for publication) (not unreasonable to place driver in handcuffs in patrol car at chaotic scene).

After appellant's wallet was retrieved and he was re-seated in the patrol car, he shifted as though he might try to get up again. Deputy Donaldson said, No, no, no, set backdown [sic]." According to appellant, this is further indicia of custody. We disagree.

The body camera video does not conclusively show whether appellant was trying to exit the vehicle, or merely shifting his position. But even if he was attempting to exit, "one is not free to leave both when arrested and when temporarily detained for investigation." *Francis v. State*, 896 S.W.2d 406, 410 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

Appellant was handcuffed approximately five minutes after the police arrived, and placed in the patrol car one minute later. The squad car door was not shut, and appellant was not locked in until after the statements were made, approximately ten

–12–

minutes into the video. Thus, the restriction on appellant's freedom of movement was brief, and also weighs in favor of the conclusion that the detention was not of the degree associated with an arrest.

Appellant insists that the use of handcuffs in this situation was not justified by any special circumstances. It is well-established, however, that reasonable safety concerns, the need to investigate, and the need to maintain the status quo are precisely the type of circumstances that justify the use of handcuffs. *See Balentine*, 71 S.W.3d at 771; *cf Campbell v. State,* 325 S.W.3d 223, 236 (Tex. App.—Fort Worth 2010, no pet.) (handcuffing violated *Miranda* when it was not for safety, investigation, or to maintain the status quo). These are the exact concerns Deputy Donaldson testified about here. And to the extent that appellant challenges the reasonableness of those concerns, we note that allowances must be made for the fact that officers must often make quick decisions under tense, uncertain, and rapidly changing circumstances. *Rhodes v. State*, 945 S.W.2d 115, 118 (Tex. Crim. App. 1997). We therefore judge the reasonableness of the officer's actions, from the perspective of a reasonable officer at the scene, rather than with the advantage of hindsight. *Id*. In this instance, a reasonable officer arriving at the scene of an accident and potential assault where a distressed female was seen running away from appellant could reasonably have concluded that temporarily detaining appellant in handcuffs was necessary to secure the scene, investigate, and insure the safety of everyone present.

Given the totality of the circumstances, it was reasonable for the trial court to conclude that appellant was temporarily detained for the purpose of investigation and was not in custody for purposes of *Miranda*. *See Koch v. State*, 484 S.W.3d 482, 491 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Sheppard*, 271 S.W.3d at 291, *Hauer*, 466 S.W.3d at 891–92. Appellant's issue is resolved against him and the trial court's judgment is affirmed.

/Dennise Garcia/

DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230565F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CHRISTOPHER HERNANDEZ,
Appellant

No. 05-23-00565-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Rockwall County, Texas
Trial Court Cause No. CR2-22-0075.
Opinion delivered by Justice Garcia. Justices Goldstein and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 26, 2024